**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA,**

v.                                                                          **CASE NO. 3:82-cr-101-J-16HTS**

**WILSON TONY HARRELL**
_____ /

**ORDER**

     Before the Court is Defendant's Motion to Correct Illegal Sentence Pursuant to Pre-1987 "Old Law" Rule 35(A), Federal Rules of Criminal Procedure (Dkt. #39) to which the Government responded (Dkt #43).

**Background**

     In 1982, Defendant Harrell was convicted by a jury in case no. 8:82-cr-19-T-24EAJ in the Tampa Division of this Court for conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine and interstate travel in aid of a racketeering enterprise. In 1983, the Defendant was convicted by a jury in the instant case in the Jacksonville Division of this Court for Violation of the Racketeer Influenced and Corrupt Organization Act (RICO) and Conspiracy to Violate the Racketeer Influenced and Corrupt Organization Act (RICO).

     Defendant argues "the illegality of the collective aggregate sentences where the only predicate acts proven are for a first-time drug transaction . . ." (Dkt 39, pg 7, ¶ 3). He adds that "the Tampa Court had already determined a racketeering enterprise, stating 'interstate transportation in aid of racketeering enterprise; Title 18, USC Sections 1952 (a)(3) . . . as charged in Count 3 of the indictment.'" (Dkt 39, pg 8, ¶ 1)

**Discussion**

     The Court agrees with the Government's assumption that the Defendant is making

a double jeopardy claim, asserting that he was convicted twice for the same conduct. It is quite clear that a conviction for violation of a RICO offense can stand when there has already been a conviction in a separate case where the offenses alleged were the predicate acts in the RICO indictment.  See <u>Garrett v. United States</u>, 471 U.S. 773 (1985), <u>United States v Gonzalez</u>, 921 F.2d 1530 (11th Cir. 1991), <u>United States v. Boldin</u>, 772 F.2d 719 (11th Cir. 1985).  Additionally, not only can there be a conviction under RICO for the same acts, but as pointed out by the Government, the sentences could have been consecutive, instead of current.

Defendant also argues that his sentence was unclear and ambiguous which justifies correction under Rule 35(a).  There is nothing unclear or ambiguous about the conviction or the sentence in the instant case.  The jury found the Defendant guilty on Count One of the Indictment - Violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1962(c) & 2, for which he was sentenced to twenty years; and Count Two - Conspiracy to Violate the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1962(d), to which he was sentenced to twenty years, consecutive to Count One but concurrent with the sentence in the Tampa case.  Nothing could make this more clear.

**<u>Conclusion</u>**

Accordingly, it is hereby **ORDERED and ADJUDGED** that the Defendant's <u>Motion to Correct Illegal Sentence </u>(Dkt #39) is **DENIED.**

**DONE and ORDERED** at Jacksonville, Florida, this 25th day of March, 2008.

Distribution:
    -Copy to counsel

JOHN H. MOORE II
United States District Judge